IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEATRICE CULLEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:20-CV-0739-E-BH |
| | ) |
| JELENA MCWILLIAMS, | ) |
| *Chairman FDIC Agency*, | ) |
| Defendant. | ) Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND FINAL ORDER FOR SERVICE

Based on the relevant filings and applicable law, the plaintiff will be afforded a final opportunity to properly serve the defendant before dismissal is recommended.

### I. BACKGROUND

On March 27, 2020, the *pro se* plaintiff filed a complaint against the federal government defendant alleging employment discrimination, and she paid the filing fee. (*See* doc. 3.) On March 30, 2020, the Court issued an order for service of process, which stated:

> Because she paid the fee, the plaintiff is now responsible for serving the defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If the defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that the defendant was properly served, this action may be dismissed as to any defendant who was not properly served.

(*See* doc. 5.) As directed by the order, the Clerk's Office issued summonses on that date for the defendant, the United States Attorney, and the Attorney General. (*See id.*; doc. 6.)

On May 27, 2020, the plaintiff filed a receipt that appeared to be for certified mail, return

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

receipt requested, by the United States Postal Service. (*See* doc. 7.) The receipt did not reflect the identity of the person to whom the mailing was directed, what was mailed, or who mailed it. (*See id.*) By order dated May 27, 2020, the plaintiff was specifically placed on notice that she had not followed either state or federal law for service of summons on the defendant, and she had not filed proof of acknowledgment of service by the defendant. (*See* doc. 8.) The order stated that although Rule 4 of the Federal Rules of Civil Procedure provides for service under the state rules of civil procedure, and Texas Rule 106(a) permits service by registered or certified mail, return receipt requested, neither federal nor state law permits service of process by *a party to the action*. (*See id.* (citing Fed. R. Civ. P. 4(c)(2) and Tex. R. Civ. P. 103).) It noted that the receipt filed by the plaintiff did not reflect that the mailing was effected by a non-party and did not reflect proper service on United States officers or employees in accordance with Rule 4(i). (*See id.*) It also warned that if she did not file a valid return of service or otherwise show that the defendant was properly served within 90 days of the date the lawsuit was filed, it could be dismissed under Rule 4(m). (*See id.*)

On June 2, 2020, the plaintiff filed a proof of service that appeared to be a receipt for certified mail, return receipt requested, by the United States Postal Service. (*See* doc. 9.) The receipt again did not reflect the identity of the person to whom the mailing was directed, what was mailed, or who mailed it. (*See id.*) By order dated June 3, 2020, the plaintiff was again specifically placed on notice that she had not followed either state or federal law for service of summons on the defendant, and she had not filed proof of acknowledgment of service by the defendant. (*See* doc. 10.) The order again stated that neither federal nor state law permits service of process by a party to the action. (*See id.* (citing Fed. R. Civ. P. 4(c)(2) and Tex. R. Civ. P. 103).) It again noted that the receipt filed by the plaintiff did not reflect that the mailing was effected by a non-party and did

not reflect proper service on United States officers or employees in accordance with Rule 4(i). (*See id.*) It also warned again that failure to file a valid return of service or otherwise show that the defendant was properly served within 90 days of the date the lawsuit was filed could result in dismissal of the case. (*See id.*)

By order dated July 6, 2020, the plaintiff was advised that more than 90 days had passed from the date of that this suit was filed, but the defendant had still not been served in accordance with the applicable rules, and the action was therefore subject to dismissal under Fed. R. Civ. P. 4(m). (*See* doc. 11.) She was ordered to, no later than July 20, 2020, either file a valid return of service or show good cause in writing why service could not be made on the defendant. (*See id.*)

On July 9, 2020, the plaintiff filed certificate of service stating that she had served "documents" on the defendant by certified United States Postal Service mail, return receipt requested. (*See* doc. 12.) By order dated July 9, 2020, the plaintiff was expressly notified that the attempted service was not valid because the applicable rules required service by an individual who is not a party, and because her filing did not reflect proper service on United States officers or employees in accordance with Rule 4(i). (*See* doc. 13.) She was again ordered to either file a valid return of service or show good cause in writing why service could not be made on the defendant no later than July 20, 2020. (*See id.*)

On July 17, 2020, the plaintiff filed three different documents in an attempt to show good cause why service could not be made on the defendant. (*See* docs. 14, 15, 16.) She claims that she has not received the original signed return receipt from the defendant, and that she retained a service process server on July 9, 2020, but the process server has not been able to serve the defendant personally because the federal building in which she works is closed due to a global pandemic. (*See*

3

*id.*)

## II. ANALYSIS

Because she paid the fee, the plaintiff is responsible for ensuring that the defendant is served with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. She is required to ensure proper service is made on the defendant within 90 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). She is also required to file proof of service unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service is not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008)(citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995). The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has discretionary power to extend the

4

time for service instead of dismissing the case without prejudice. *Millan v. USAA General Indem. Co.*, 546 F.3d at 325; *Thompson*, 91 F.3d at 21. Exercise of this discretionary power may be warranted, "'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, more than 90 days have passed since the plaintiff filed this action. She received early notice of the duty to serve, summons forms for the defendant, the United States Attorney, and the Attorney General, and a copy of Rule 4. Two separate orders advised her of the defects in her attempted service before the 90 days expired, but she failed to correct them. She was specifically advised that the rules did not allow her to effect service because she was a party to the litigation, and that she had not complied with the requirements in Rule 4(i) for proper service on United States officers or employees such as the defendant. After the 90 days expired, two separate orders to show cause required her to either file valid proof of service or show cause why the defendant could not be served. Each of the orders warned that the case could be dismissed for lack of timely service, but the plaintiff did not retain a process server until July 9, 2020, and the process server has been unable to accomplish service. She has also not explained her failure to ensure that the United States Attorney and the Attorney General were served as required by Rule 4(i), even though the Clerk's Office provided her summons forms for them. The plaintiff has not shown good cause for her failure to accomplish valid service on the federal government defendant.

Nevertheless, the plaintiff did finally retain a process server who was unsuccessful in personally serving the defendant. Because the plaintiff appears to allege employment discrimination, it appears that this case may be time-barred if re-filed. These reasons support the

exercise of discretion to provide more time to accomplish service. Accordingly, the time for service is extended until August 10, 2020, and the plaintiff will be afforded a final opportunity to accomplish service on the government defendant under Rule 4(i) before dismissal is recommended.

### III.  CONCLUSION

This plaintiff is afforded a final opportunity to file valid proof of service for the defendant. If she does not file a valid return of service by August 10, 2020, however, it will be recommended that this action be dismissed under Rule 4(m) without further notice.

**SO ORDERED this 20th day of July, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE