**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BEATRICE CULLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:20-CV-0739-E-BH** |
| | ) | |
| **JELENA MCWILLIAMS,** | ) | |
| ***Chairman FDIC Agency,*** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support*, filed September 21, 2020 (doc. 21); *Plaintiff's Opposed Memorandum in Support of Motion to Extend Time to Serve Defendant*, filed November 11, 2020 (doc. 29); and *Plaintiff's Opposed Motion for Leave to Amend Complaint and Support Brief*, filed November 30, 2020 (doc. 32). Based on the relevant filings and applicable law, the defendant's motion should be **GRANTED in part** and **DENIED in part**, and the plaintiff's motions should be **GRANTED**.

## I. BACKGROUND

Beatrice Culley (Plaintiff), a former 26-year employee of the Federal Deposit Insurance Corporation (Agency), sues its Chairman, Jelena McWilliams (Defendant), for alleged discrimination based on race, age, and gender. (*See* doc. 3 at 3-4, 6, 9, 11-12, 15, 120.)[2]

### A. **Factual Background**

Although she held a permanent position with Agency, in December 2009, Plaintiff

---

1 By *Special Order No. 3-251*, this *pro se* case was referred for full case management.

2 Citations to the record refer to the CM/ECF system page number at the top of each page.

accepted a term position in the hope that she might be promoted to a permanent specialist position. (*See id*. at 4.) In February 2012, she accepted another term position in Agency's Settlement Department, and she subsequently "aggressively" and unsuccessfully applied for over 70 job announcements. (*Id*. at 5.) She ultimately received a notice of non-renewal on August 20, 2014, informing her that her term appointment would end in February 2015. (*Id*. at 4.) Before receiving the notice, Plaintiff observed that "four white females, two white males, one Hispanic male, one fair skin [B]lack female and one [B]lack male" who also worked as term employees in the Settlement Department had been reassigned to positions in Risk Sharing Asset Management, Investigations, Receivership Oversight, or Internal Review. (*Id*. at 5, 98-99.) The terms of six other term employees in the Settlement Department, including "two white males, one white female, one Asian female, one Indian male, and one [B]lack female with grade 14 military service," were extended. (*Id*. at 5.) Another "three aged employees were non-renewed but were eligible for retirement benefits." (*Id*.) In early November 2014, Plaintiff also learned that the term of a white younger male peer who was performing the same and similar duties had been extended for another year, but she did not receive an extension and was terminated.     (*See id*. at 7, 10.) She was 54 years old at the time of her termination. (*Id*. at 5.)

In February 2015, Plaintiff contacted the Equal Employment Opportunity Commission (EEOC) and alleged that she had been discriminated against on the basis of race, age, and gender when her term appointment was not extended and allowed to expire as scheduled on February 11, 2015. (*Id*. at 15.) She participated in mediation but was unable to resolve her discrimination claims informally. (*Id*. at 15.) After receiving a notice of right to file, she filed a formal discrimination complaint on May 15, 2015. (*Id*. at 15.) An investigation was subsequently conducted, and on

November 26, 2018, a hearing was held before an Administrative Judge (AJ), who granted Agency's motion for summary judgment by order dated March 1, 2019. (*Id*. at 2-3, 15-16, 28-108.) The Agency issued a final decision on March 26, 2019, and Plaintiff appealed the decision to the EEO on April 24, 2019.   (*Id*. at 2.)

On March 27, 2020, Plaintiff filed this *pro se* suit against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), alleging that she had been discriminated against on the basis of race, age, and gender when her term appointment was not extended. (*See* doc. 3 at 3, 6, 9, 11-12, 15.) The first page of her 121-page complaint simply stated, "Please see attached"; attached were filings from the administrative proceedings. (*See id.*)

### B.   Service of Process

By order dated March 30, 2020, Plaintiff was advised that because she had paid the filing fee, she was responsible for serving Defendant with a summons and copy of the complaint within 90 days of the filing of the complaint. (*See* doc. 5.)   The order specifically stated that if she failed to file a valid return of service or otherwise show that Defendant was properly served, her case could be dismissed. (*Id.*)   As directed, the Clerk's Office issued summonses for Defendant, the United States Attorney, and the Attorney General.   (*See id.*; doc. 6.)   A copy of Rule 4 of the Federal Rules of Procedure was included as an attachment to the order.   (*See* doc. 5-1.)

After Plaintiff filed a certificate of service on May 27, 2020, an order notified her that she had failed to follow state or federal law for service or to file proof of service. (*See* docs. 7-8.)   It specifically stated that her filing was not sufficiently specific, neither federal nor state law permitted service by a party to the case, and the certificate did not reflect proper service on a United States officer or employee. (doc. 8.) The order again reminded her that her case could be dismissed

3

if she failed to file a valid return of service or otherwise show that Defendant had been properly served.  (*Id.*)  Plaintiff filed another certificate of service on June 2, 2020, which was followed by another order that again notified her of the same defects as the prior certificate and again warned of the possibility of dismissal if she did not comply with Rule 4.   (*See* docs. 9-10.)

After more than 90 days from the date the complaint was filed had passed without service on Defendant, on July 6, 2020, Plaintiff was ordered to either file a valid return of service or show good cause in writing why service could not be made. (*See* doc. 11.) She filed another certificate of service the next day, and another order to show cause issued two days later that again pointed out the defects in her attempted service. (*See* docs. 12-13.) She was again ordered to either file a valid return of service or show good cause in writing why service could not be made on Defendant no later than July 20, 2020. (*See* doc. 13.) She filed three different documents in an attempt to show good cause why service could not be made on Defendant. (*See* docs. 14, 15, 16.) She claimed that she had not received the original signed return receipt from Defendant, and that she had retained a service process server on July 9, 2020, but the process server has not been able to serve Defendant personally because the federal building in which she worked was closed due to a global pandemic. (*See id.*) In a detailed order, Plaintiff was afforded a final opportunity to accomplish service on Defendant under Rule 4(i) before dismissal was recommended. (doc. 17.)

Plaintiff again filed a certificate of service alleging that she had attempted to serve Defendant by sending a copy of the complaint and summons to her "via Certified Mail with Return Receipt" through the United States Postal Services (USPS). (*See* docs. 18 at 1-2; 18-1; 19.) She alleged that she made a second attempt to "get a signed copy of the Return Receipt" by sending full set of documents by certified mail and had "served the document[s] on all parties of record by

4

a manner authorized by Federal Rules of Civil Procedure Rule 4 Summons." (doc. 19 at 1.)

On September 21, 2020, Defendant moved to dismiss all claims against her under Rule 12(b)(5) for insufficient service of process and/or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* doc. 21.) An attorney filed a notice of appearance on behalf of Plaintiff on October 7, 2020, and he sought and obtained an extension of time to respond, and subsequently filed a response to the motion. (*See* docs. 25-28.) Counsel also filed a motion to extend time to serve Defendant "contingent to the Court granting her leave to amend her complaint." (doc. 29 at 3.) The motion alleges that Defendant has not been prejudiced by the delay in service, the failure to serve Defendant was not because of any dilatoriness, fault, or wanton inaction on Plaintiff's part, and if she does not receive additional time to serve, she "will suffer harm because her case will suffer limits to refiling and monies cannot ever be recovered as may be due to [her]." (*Id.* at 4-5.) Counsel also filed a motion on November 30, 2020, for leave to amend under Rule 15(a)(2) to "clarify [Plaintiff's] claims and specifically set forth claims" under the Civil Rights Act of 1991, Equal Pay Act of 1963, and the Age Discrimination in Employment Act of 1967. (doc. 32 at 1-2.) Defendant responded that because Plaintiff's complaint is subject to dismissal for improper service, leave to amend should be denied as futile. (doc. 35 at 2.)

## II.    SERVICE OF PROCESS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(5) for lack of proper service. (doc. 21 at 8-11.)   In response, Plaintiff seeks an extension of time to properly serve Defendant.   (doc. 29.)

### A.    __Rule 12(b)(5)__

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or

the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Here, Plaintiff made several attempts to serve Defendant via USPS certified mail with return receipt, despite being specifically notified that neither federal nor state law permit service by a party to the case. (*See* docs. 8; 18 at 1-2, 4; 18-1; 19 at 1.)[3] Because the federal rules do not "permit a *party* to serve a summons or process," a plaintiff fails to comply with the procedural requirements for adequate service of process when she personally mails the summons to defendants through certified mail. *Hill v. N. Texas State Hosp.*, No. CIV. 7:09-CV-158-O, 2010 WL 342227, at *1 (N.D. Tex. Jan. 26, 2010) (emphasis in original); *see also Hassell v. United States*, 203 F.R.D. 241, 246 (N.D. Tex. 1999) (finding service defective when a party mails documents to the defendant). Plaintiff's attempts to serve Defendant were therefore ineffective.

Moreover, the documents she mailed to Defendant did not contain complete copies of the complaint. (*See* docs. 15-1, 16-1.) The copy of the complaint that she mailed to Defendant, and attached to her certificate of summons and affidavit of service, was not a copy of the complaint that was filed. (*See* doc. 3, 15-1,16-1.) To complete a valid service of process, Plaintiff must serve

---

3 She also hired a processor server who made two unsuccessful attempts at serving Defendant in person at Agency's office building. (doc. 16 at 1.)

Defendant with a complete copy of the filed complaint. *See J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 202 (S.D. Tex. 1996) (finding service of process is not valid where the complaint served had not been filed); *see also Reed v. City of Culver City*, No. LACV1910526JAKRAOX, 2020 WL 7315016, at *2 (C.D. Cal. Nov. 4, 2020) (finding that Rule 4 request service of the filed complaint along with the summons); *Phillips v. Securitas Sec. Servs. USA, Inc.*, No. C 17-06693 WHA, 2018 WL 3474186, at *2 (N.D. Cal. July 19, 2018) ("Plaintiff failed to serve the defendants with the operative complaint. Instead, she served a complaint that she did not file with the court."). Because Plaintiff did not serve Defendant with a complete copy of the filed complaint with the summons, her attempts to serve Defendant were ineffective.

**B.    Good Cause**

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted).  To show good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect[.]" *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)) (emphasis in original). A plaintiff also "may be required to show that (1) the party to be served personally received actual notice of the lawsuit; (2) the defendant would not suffer any prejudice by the court extending the [90]–day deadline[4]; and (3) the plaintiff would be severely prejudiced if his

---

4 Rule 4(m) was amended to reduce the time for service from 120 days to 90 days, effective December 1, 2015. *See Casas v. City of Fort Worth Police Dep't*, No. 4:15-CV-872-O, 2017 WL 3638321, at *5 (N.D. Tex. May 17, 2017), *report and recommendation adopted*, No. 4:15-CV-872-O, 2017 WL 3620572 (N.D. Tex. Aug. 23, 2017) (citing *Vela v. City of Austin Texas*, No. 1-15-CV-1015 RP, 2016 WL 1583676, at *3 (W.D. Tex. Apr. 19, 2016)).

complaint were dismissed." *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959–60 (S.D. Tex. 1995) (citing *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991)).

Despite being specifically and repeatedly advised of the deficiencies in her attempts at service, Plaintiff again attempted to personally serve Defendant via certified mail.   She has failed to show good cause why she was unable to effect service after multiple opportunities.   *Compare Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *report and recommendation adopted*, No. 4:18-CV-610, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019) (finding that good cause existed to excuse the *pro se* plaintiff's insufficient service because she had not been advised of why her attempts at service was ineffective). Her *pro se* status or ignorance of the rules do not excuse her failure to effect service. *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988).

"District courts have broad discretion in deciding whether to dismiss an action for ineffective service of process[,]" however. *See George v. United States Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986). Even if a plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service" where a plaintiff fails to show good cause.)   A discretionary extension is particularly appropriate where "'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

> If "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." Because "dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim,'" it "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." To warrant dismissal, we must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."

*Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (*Millan,* 546 F.3d at 326-27).

In *Millan*, the Fifth Circuit held that the district court abused its discretion by dismissing the plaintiff's case for failure to effect timely service. *Millan,* 546 F.3d at 323. The plaintiff, a practicing attorney, had filed a *pro se* suit against the defendant alleging breach of contract. *Id.* at 324. He attempted to serve the defendant, "but the service was returned unexecuted because, under Louisiana law, the Louisiana Secretary of State serves as the agent for service of process for foreign insurers." *Id.* The district court issued an order that the plaintiff interpreted as extending "the time for filing service until October 9, 2007." *Id.* The defendant moved to dismiss for lack of service, and the plaintiff argued that the deadline had been extended and, alternatively, that because the order was ambiguous, it created "good cause" for a four-day extension. *Id.* at 325. The plaintiff's complaint was dismissed without prejudice for failure to show good cause why he had not timely served the defendant.[5] *Id.* He filed a motion to amend or alter the judgment, but the court found that his failure to properly serve the proper defendant for six months warranted dismissal of his complaint. *Id.*

---

5 The defendant also argued that the plaintiff failed to serve the correct defendant, and the plaintiff subsequently filed an amended complaint in an attempt to cure the defect, contending that it should relate back. Because of the district clerk's delay in entering the amended complaint into the record, the district court believed that the plaintiff had not filed an amended complaint. *Id.*

On appeal, the parties agreed that dismissal of the plaintiff's claims would likely have the effect of dismissal with prejudice because the applicable statute of limitations would bar the plaintiff from refiling. *Id*. at 326. The Fifth Circuit noted its prior recognition that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," so it has "limited district courts' discretion to dismiss claims with prejudice." *Id*. at 326. Dismissal with prejudice "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff[ ]exists and a 'lesser sanction would not better serve the interests of justice.'" *Id*. The court also noted that when dismissal with prejudice has been affirmed, it found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The Fifth Circuit found that the plaintiff's delay in effecting service did not result from contumacious conduct, and that the record did not contain any of the three aggravating factors. *Id*. at 327. "First, arguably the delay in this case resulted from [the plaintiff's] actions in his capacity as a lawyer, rather than in his capacity as a litigant." *Id*. Second, the defendant had not identified any sort of prejudice that requires dismissal, and finally, "the delay in this case resulted from [the plaintiff's] negligence; no evidence shows intentional misconduct." *Id*. Because there was no evidence of contumacious conduct or any of the three aggravating factors, the court held that even if the plaintiff could not show good cause for his failure to serve the defendant, the "district court erred in refusing to grant [the plaintiff] additional time for service under the discretionary provisions of Rule 4(m)." *See id*. at 325-27.

As in *Millan*, Plaintiff would be barred from refiling her employment discrimination complaint by the applicable limitations period. Under Title VII, Plaintiff had ninety days to file

suit after receipt of her right to sue letter from the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir.1982)). This ninety-day limitation period is strictly construed, and courts "within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* Although Plaintiff's Title VII complaint is timely filed, if it is dismissed without prejudice for failure to serve, the timely filing of the complaint does not toll the ninety-day limitations period. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988)). Therefore, dismissal of Plaintiff's complaint "even without prejudice will operate as a dismissal with prejudice[.]" *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted).

Although she failed to properly serve Defendant, Plaintiff's delay in serving Defendant cannot be "characterized by significant periods of total inactivity." *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir.1988). She attempted to comply with the orders regarding service with additional attempts to personally serve Defendant, and she hired a processor server who was also unsuccessful at serving Defendant. (*See* doc. 16, 18.)  She has also since obtained an attorney. Plaintiff's delay in effecting service does not appear to result from contumacious conduct; "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan*, 546 F.3d 321, 327 (5th Cir. 2008) (citing *McNeal,* 842 F.2d at 792). Because Plaintiff would be barred by the statute of limitations from refiling her claim, and her delay in effecting service did not result from contumacious conduct, the

11

Court may exercise its discretionary power to extend the time for service instead of dismissing the case without prejudice. *See Millan*, 546 F.3d at 325.

Moreover, the Fifth Circuit has noted that "lesser sanctions are clearly preferred," and are usually appropriate before dismissal with prejudice. *See Veazey v. Young's Yacht Sale and Serv., Inc.,* 644 F.2d 475, 477 (5th Cir.1981); *see also Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (Because dismissal of the plaintiff's case "had the effect of precluding [him] from pursuing his case in a subsequent action," the "proper course would have been to impose such lesser sanctions as costs or fines when appellant initially acted improperly, and then, if these failed to deter the conduct, to impose the greater sanction of dismissal."). It also does not appear that lesser sanctions would have been futile in this case. *See Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 406 (5th Cir. 2008)(noting that when lesser sanctions are not issued before dismissal, "we look for an express determination by the district court that lesser sanction would have been futile[.]")

In conclusion, Defendant's motion to dismiss under Rule 12(b)(5) should be denied, and Plaintiff's motion for an extension of time to serve Defendant should be granted.

### III. FAILURE TO STATE A CLAIM

Defendant alternatively moves to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. (*See* doc. 21 at 15.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

12

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the

pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Here, Plaintiff attached to her complaint a letter from the Agency to her former attorney, a final order implementing the AJ's decision and order, the transcript from her hearing, and an "Investigative Report." (*See* doc. 3.) For purposes of a motion to dismiss, they are considered part of the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

## A.    Title VII

Title VII prohibits discrimination against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color,

14

religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Generally, a plaintiff must establish a *prima facie* case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam). To show disparate treatment, the employee alleged as a comparator must: (1) hold the "same job" or hold the same job responsibilities as the Title VII claimant; (2) "share[ ] the same supervisor or" have her "employment status determined by the same person" as the Title VII claimant; and (3) have a history of "violations" or "infringements" similar to that of the Title VII claimant. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017). While a plaintiff's complaint need not plead a *prima facie* case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. *See Puente v. Ridge*, 324 F. App'x. 423, 427-28 (5th Cir. 2009).

###### 1.    *Race*

Here, Plaintiff alleges that "Caucasian employees were granted extensions to *accommodate retirement* and minority employees and applicants were not afforded the same opportunity." (doc. 3 at 10.) (emphasis in original) She claims that she unsuccessfully applied to over 70 job vacancies but was ultimately terminated from the Agency. (*See id*.)   She also claims that the majority of employees that were terminated were minority employees, and that Defendant had a pattern of pushing "out minority employees relegated them to term positions and denied them equal opportunity to take positions to facilitate retirement with benefits as opposed to white employees."

15

(*Id*. at 11.)   Her conclusory and general claims of race discrimination are not sufficient to state a plausible claim for race discrimination. *See Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of the plaintiff's race discrimination claim where his "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that [the defendant] is liable for terminating [the plaintiff's] employment because of his race.")

Plaintiff alleges that a white male peer who had the same job duties was treated more favorably when his term position was extended. (doc. 3 at 10.) To be a comparator, he must not only have the same job responsibilities as Plaintiff, but must also share the same supervisor or have his employment status determined by the same person. *See Alkhawaldeh*, 851 F.3d at 426. She fails to allege that they shared the same supervisor or had their employment status determined by the same individual, however. *See Lee,* 574 F.3d at 260; *Dotson,* 2006 WL 44071, at *7. She fails to allege sufficient facts to show that this employee was a similarly-situated employee outside her protected class who was treated more favorably in nearly identical circumstances. *Okoye,* 245 F.3d at 512; *Jones,* 2006 WL 984197, at *2. As a result, Plaintiff's allegations are not sufficient to create an inference that she was discriminated against based on her race. *See also Garcia v. Garland Indep. Sch. Dist.,* No. 3:11–CV–0502–N–BK, 2011 WL 7473474, at*5 (N.D. Tex. Sept. 26, 2011) (recommending dismissal for failure to state a claim where plaintiff failed to allege that she was treated less favorably than other employees under the same situations she allegedly confronted), *adopted by* 2012 WL 779659 (N.D. Tex. Mar. 9, 2012).

### 2.    *Gender*

Here, Plaintiff generally alleges that she was discriminated against based on her gender when her term appointment was not extended. (doc. 3 at 3.) She appears to allege that the term of

one male peer, who performed the same and similar duties as her, was extended. (*See id*. at 10.) Although Plaintiff generally alleges that men were treated differently than women, she does not allege any facts supporting an inference that the male peer of whom she specifically complains was similarly situated to her, or that her non-renewal was based on gender. *See Boyd v. Corr. Corp. of Am.*, 616 F. App'x 717, 720 (5th Cir. 2015) ("In making the latter showing of disparate treatment, the misconduct for which the employee was treated less favorably must be 'nearly identical' to that of the comparator employee.").

Because she fails to allege facts that set forth a *prima facie* case of discrimination, Plaintiff has failed to nudge her Title VII claims across the line from conceivable to plausible, and they are subject to dismissal. *Gille v. Lousiana Dept. of State Civil Serv.*, 559 F. App'x. 333, 335 (5th Cir. 2014) (per curiam).

## B.    <u>Age Discrimination</u>

Defendant argues that Plaintiff's age discrimination claim should be dismissed for failure to state a claim. (*See* doc. 21 at 15-16.)

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff may prove age discrimination through either direct or circumstantial evidence." *Joseph v. City of Dallas*, 277 F. App'x 436, 439 (5th Cir. 2008) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).

Where a plaintiff offers circumstantial evidence of discrimination, her age discrimination claim is subject to the familiar *McDonnell Douglas* burden-shifting framework applicable to Title

VII claims.[6] *See Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (while the Supreme Court has not definitively resolved whether the *McDonnell Douglas* framework applies to ADEA claims, "we are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases."). Under the framework, a plaintiff must first establish a *prima facie* case of discrimination. *See Moss v. BMC Software Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). While a plaintiff need not plead a *prima facie* case of discrimination in the motion to dismiss context, *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (citing *Swierkiewicz*, 534 U.S. at 510), the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009).

The ADEA "authorizes two types of discrimination claims: disparate treatment and disparate impact." *Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 257 (N.D. Tex. 2011) (citations omitted); *see Ryerson v. Berryhill*, No. 3:15-CV-3509-S-BK, 2018 WL 4103433, at *2 (N.D. Tex. Aug. 2, 2018) (citing cases), *adopted by*, 2018 WL 4101842 (N.D. Tex. Aug. 28, 2018) (identifying the two theories under the ADEA). "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment," while "[d]isparate impact claims do not require the intent to discriminate." *Powell*, 776 F. Supp. 2d at 257.

### 1.    *Disparate Treatment*

To establish a *prima facie* case of discrimination based upon disparate treatment, a plaintiff

---

6  This framework is named after *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

must show that (1) she was within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). At this stage of the proceedings, "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012).

Here, Plaintiff claims that a "comparison employee . . . who is an aged employee [but] was much younger than [her], [ ] was not terminated yet reassigned." (doc. 3 at 7.) She does not claim that any younger employees were selected over her for any position in these department. *See Smith*, 351 F.3d at 196 (a plaintiff must show that she was treated less favorably than similarly situated younger employees). She does not "even allege that [s]he was qualified for [any] position" she complains she did not receive. *Lacey v. City of Desoto Texas*, No. 3:04-CV-1277-M, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005). Where a "[p]laintiff alleges no facts other than the fact that [s]he was" denied opportunities, her bare assertions, without more, are "not enough to allow [her] claims of age discrimination to proceed." *Id.* (citing *Swierkiewicz*, 534 U.S. at 514).

Although she appears to allege that a younger employee was treated more favorably, she alleges no facts to show that the younger employee was similarly situated. *See Smith*, 351 F.3d at 196. She also fails to "set forth allegations that would enable the court to reasonably infer that the employer took ... [any] action because of [her] age." *Woldetadik*, 881 F. Supp. 2d at 741; *see also Flores*, 486 F. App'x at 432 (stating that age must be the but-for cause of the employer's decision); *Oinonen*, 2010 WL 396112, at *3 (same). Accordingly, even viewing Plaintiff's allegations in the

light most favorable to her, she fails to allege a plausible claim of age discrimination under the ADEA based upon disparate treatment. *Garcia v. Garland Indep. Sch. Dist.*, No. 3:11-CV-0502-N-BK, 2011 WL 7473474, at *5 (N.D. Tex. Sept. 26, 2011) (determining that the plaintiff failed to plead a disparate treatment claim for discrimination); *see also Lacey*, 2005 WL 17656, at *3 (finding that bare claims of discrimination were insufficient to state a claim for relief).

### 2.    *Disparate Impact*

To establish a *prima facie* case of age discrimination based upon disparate impact, a plaintiff must identify a specific facially neutral employment policy or practice, and establish causation by presenting "statistical evidence of a kind and degree sufficient" to show that the practice caused an adverse employment action that disparately affected workers forty years of age or older. *Powell*, 776 F. Supp. 2d at 257–58 (citing *Collins–Pearcy v. Mediterranean Shipping Co. (USA), Inc.*, 698 F. Supp. 2d 730, 741–42 (S.D. Tex. 2010)). As noted, although a plaintiff need not plead a *prima facie* case at this stage of the proceedings, she must still allege facts to show "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class" in order to state a disparate impact claim. *Finch v. Tex. Health and Human Servs. Comm'n*, No. H-13-3716, 2015 WL 5674834, at *2 (S.D. Tex. Sept. 25, 2015) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006)). A plaintiff "cannot merely allege a disparate impact, or point to a generalized policy that leads to such an impact." *Powell*, 776 F. Supp. 2d at 257 (citing *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 100 (2008)). Rather, the plaintiff is "responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 656 (quoting *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 994 (1988)). "[P]roof

of discriminatory motive is not required for disparate-impact claims." *Pacheco*, 448 F.3d at 791.

Here, Plaintiff alleges that Defendant "pushed aged employees to term positions and then systemically pushed them out of the Agency based on age discrimination before they vest in retirement." (doc. 3 at 7.) She generally alleges that several employees, including "three aged employees" were non-renewed, and that the "overall practice of the Agency is to shuffle or down grade assignments to term employment and when age is in compliance with retirement standards is available–the Agency yanks the employment form under the aged worker[.]"(*Id*. at 6-7.) She does not identify any specific policy or practice, however, or allege any facts to establish that any policy or practice had a "disproportionately adverse effect on a protected class." *Finch*, 2015 WL 5674834, at *2 (quoting *Pacheco*, 448 F.3d at 791). Her general and conclusory allegations are insufficient to state a claim for discrimination based on disparate impact. *See Twombly*, 550 U.S. at 570; *see also Powell*, 776 F. Supp. 2d at 257 (citing *Meacham*, 554 U.S. at 100) (stating that a plaintiff must identify a specific policy). Any ADEA claims based upon disparate impact should also be dismissed for failure to state a claim. *See Bannister v. Dal-Tile Intern., Inc.*, No. 3:02-CV-2498, 2003 WL 21145739, at *3 (N.D. Tex. May 14, 2003) (finding that the plaintiff failed to state a claim for disparate impact discrimination); *see also Lacey*, 2005 WL 17656, at *3.

In summary, even viewing Plaintiff's allegations in the light most favorable to her, she has not alleged a plausible claim of age discrimination under the ADEA. *See Lacey*, 2005 WL 17656, at *3 (finding that the plaintiff did not sufficiently state a claim for age discrimination); *see also Garcia*, 2011 WL 7473474, at *5; *Bannister*, 2003 WL 21145739, at *3. Her age discrimination claims should therefore be dismissed under Rule 12(b)(6) for failure to state a claim. *See Ivy v. Prime Theraputics*, No. 3:11-CV-0855-G (BK), 2011 WL 6182345, at *3 (N.D. Tex. Nov. 14,

2011), *adopted by*, 2011 WL 6202248 (N.D. Tex. Dec. 12, 2011) (dismissing claims for age discrimination under Rule 12(b)(6)).

## IV. AMENDMENT

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff was initially proceeding *pro se* and has not amended her complaint since filing suit.  Although her initial complaint consists only of documents from her administrative proceedings and does not clearly detail the facts of her case, it is not obvious from the record that

she cannot cure the deficiencies in her employment discrimination claims if given an opportunity to amend her complaint. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) ("[D]istrict courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."). Moreover, Plaintiff has now retained legal counsel and seeks leave to amend her complaint "to clarify her claims and specifically set forth claims" under Title VII, the Equal Pay Act of 1963, and the ADEA. (doc. 32 at 1.) It therefore appears that she has not alleged her best case, and an opportunity to amend is warranted. *See Pena v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998) ("[A] court should grant a *pro se* party every reasonable opportunity to amend.").

Nothing in the record suggests an undue delay, dilatory motive, or bad faith by Plaintiff. Since filing suit, Plaintiff has attempted to prosecute her case. She made repeated attempts to serve Defendant, retained a process server to assist in properly effecting service, and eventually retrained legal counsel to represent her in this suit. (*See* docs. 8, 18, 18-1, 25.) Once represented by counsel, Plaintiff sought a motion to extend time to file a response to Defendant's motion to dismiss, and subsequently filed a response, and motion for leave to amend. (*See* docs. 25-26,28-29, 32.) Defendant has not argued, and it does not appear, that allowing Plaintiff an opportunity to amend her complaint will cause undue prejudice to Defendant. She does not seek to add any new defendants or new claims. (*See* doc. 32-1.) Rather, she repeats her claims for race, age, and gender discrimination and attempts to "clarify the issues." *See Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding in the context of a motion for leave to amend, amendments that merely propose alternative legal theories for recovery on the same underlying facts should generally be permitted, "as they advance Rule 15(a)'s policy of promoting

litigation on the merits rather than on procedural technicalities.").

Because an opportunity to amend is warranted, and Plaintiff moved for leave to amend with a proposed amended complaint, her motion for leave to amend should be granted. Her proposed complaint should be deemed filed on the date of the order accepting this recommendation. *See Weaver v. Metro. Life Ins.*, 235 F. Supp. 3d 823, 826 (N.D. Tex. 2017), *aff'd sub nom. Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618 (5th Cir. 2019) (granting the plaintiff's leave to file an amended complaint and ordering it "DEEMED filed this same day"); *see also Molina v. Caliber Home Loans, Inc.*, No. 3:15-CV-00757-P, 2016 WL 3660621, at *6 (N.D. Tex. Mar. 15, 2016) (granting the plaintiff's motion for leave to amend and directing the proposed amended complaint to be "deemed filed as of the date of this order.").

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED in part and DENIED in part**, Plaintiff's complaint should be **DISMISSED** for failure to state a claim, but her motions for leave to file a first amended complaint and for an extension of time to serve Defendant should be **GRANTED**.   Plaintiff's proposed amended complaint should be **DEEMED FILED** on the date of the order accepting this recommendation, the action should be allowed to proceed on the amended complaint, and she should be ordered to effect service on Defendant within 30 days.

**SO RECOMMENDED** on this 14th day of April, 2021.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

24

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

25